UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M&T BANK, *et al.*,

                            Plaintiffs,

        v.

DELPHINIA N. BROWN, *et al.*,

                            Defendants.

Civil Action No. 19-578 (JMC)

## MEMORANDUM OPINION

After Defendant Delphinia Brown defaulted on her condominium fees, Defendant Ridgecrest Condominium Owners Association (RCOA) foreclosed on the unit.[1] The property was purchased at auction by Defendant Marcus Little. Several months later, Plaintiff M&T Bank—the beneficiary of a deed of trust owned by Plaintiff Federal Home Loan Mortgage Corporation (Freddie Mac)—filed a second foreclosure action against the same property. Defendants argue that the second action cannot lie. They point to District law, which they contend extinguished Freddie Mac's interest in the property at the first foreclosure sale. Plaintiffs counter that the relevant District laws are preempted by federal statute and that Little, therefore, unwittingly purchased the property subject to Freddie Mac's lien. Plaintiffs moved for partial summary judgment, seeking declaratory judgment that Freddie Mac retains a valid and enforceable lien against the property. The Court GRANTS Plaintiffs' motion.

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

I.     BACKGROUND

The following facts are uncontested. In 2006, Delphinia Brown took out a loan to finance

the purchase of a condominium unit located at 512 Ridge Road SE #206, Washington, D.C. ECF

12-3 at 3 ¶ 5(a). Brown executed a deed of trust granting the original lender a security interest in

the property, which was duly recorded. ECF 12-5. In 2007, Freddie Mac[2] purchased the loan from

the original lender and became the new owner of the deed of trust, ECF 12-3 at 3 ¶ 5(c), although

the deed of trust still bore the original lender's name and the original lender agreed to continue

servicing the loan on Freddie Mac's behalf. *Id.* at 4 ¶ 5(g).

In 2011, M&T Bank succeeded the original lender as servicer of the loan, which was still

owned by Freddie Mac. *Id.* The deed of trust was amended to list M&T as the sole beneficiary.

ECF 12-6. Under the agreement that governed their relationship, Freddie Mac was the owner of

the loan, and had the right to demand that M&T sign over the deed of trust at any time. ECF 12-3

at 30. Nevertheless, the fact that Freddie Mac owned the loan was not explicit on the face of the

recorded instrument. ECF 12-6.

In October 2016, the RCOA executed and recorded a "Notice of Foreclosure Sale of

Condominium Unit for Assessments Due." ECF 12-7. The RCOA foreclosed on its lien and sold

the property via public sale to Little for $20,000.00. ECF 12-8. Little recorded the deed to the

property. *Id*. At the time of the RCOA sale, Freddie Mac was the owner of the deed of trust. ECF

12-3 at 3 ¶ 5(c), 4 ¶ 5(g). M&T was servicing the loan on Freddie Mac's behalf and was the sole

---

[2] "Congress created Freddie Mac in 1970 to 'increase the availability of mortgage credit for the financing of urgently needed housing.'" *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 599 (D.C. Cir. 2017) (quoting Federal Home Loan Mortgage Corporation Act, Pub. L. No. 91-351, preamble, 84 Stat. 450, 450 (1970)). Freddie Mac's core business is buying mortgage loans from lenders, bundling them into securities, then selling them to investors. *Id.*

beneficiary named in the deed of trust. *Id*.; ECF 12-6. Neither Freddie Mac nor the Federal Housing

Finance Agency (FHFA) consented to the sale.[3]

M&T filed a "Complaint for Judicial Foreclosure" in the Superior Court of the District of

Columbia in May 2017. ECF 1-1 at 2. In January 2019, the Superior Court granted M&T

permission to amend its complaint, adding Freddie Mac as a co-plaintiff. *Id.* at 97, 159. Plaintiffs

then removed the case to this Court. ECF 1. Now, they ask the Court to grant their Motion for

Partial Summary Judgment and to issue a declaratory judgment that the first foreclosure did not

extinguish Freddie Mac's interest and thus the deed of trust continues to encumber the Property.

ECF 12 at 4. Defendants oppose. ECF 13.

## II.    LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden to demonstrate the

"absence of a genuine issue of material fact" in dispute, *Grimes v. District of Columbia*, 794 F.3d

83, 93–94 (D.C. Cir. 2015), while the nonmoving party must present specific facts supported by

materials in the record that would be admissible at trial and that could enable a reasonable jury to

find in its favor, *see Anderson*, 477 U.S. at 248.

---

[3] Defendants do not dispute this. Nonetheless, the Court takes judicial notice of a publicly available statement by the FHFA that, as a matter of policy, "FHFA confirms that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens." ECF 12-4 at 2 (also available at https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx (last visited Sept. 29, 2022)); *see also Seifert v. Winter*, 555 F. Supp. 2d 3, 11 n.5 (D.D.C. 2008) (taking judicial notice of information on a government website and collecting cases that have done the same).

"[S]tate laws are preempted when they conflict with federal law." *Arizona v. United States*, 567 U.S. 387, 399 (2012). State and federal law conflict when "compliance with both federal and state regulations is a physical impossibility," or when "the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* Although there is a "presumption against finding preemption of state law in areas traditionally regulated by the States," *California v. ARC Am. Corp.*, 490 U.S. 93, 101 (1989), that presumption may be overcome where Congress makes its intent to displace state law "clear and manifest." *Arizona*, 567 U.S. at 400. Foreclosure of real estate is an area of law traditionally regulated by the states. *BFP v. Resol. Tr. Corp.*, 511 U.S. 531, 544 (1994) (The power to ensure "the security of the titles to real estate . . . inheres in the very nature of state government.").

## III.   ANALYSIS

This case involves the interplay between three statutes: one federal and two from the District of Columbia. The federal statute is the "Federal Foreclosure Bar," which Congress enacted as part of the Housing and Economic Recovery Act of 2008 (HERA) and which provides that "[n]o property of [an FHFA conservatorship] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency." 12 U.S.C. § 4617(j)(3).[4] Because HERA also "authorized the Director of FHFA to appoint FHFA as either conservator or receiver for Fannie Mae and Freddie Mac," *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 599–600 (D.C. Cir. 2017) (citing 12 U.S.C. § 4617(a)(2))—an authority that the Director exercised as to both entities

---

[4] The Parties in this case consistently refer to this provision as "the Federal Foreclosure Bar," a shorthand that this Opinion adopts. *See also, e.g.*, *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1143 (9th Cir. 2018); *Sec. & Exch. Comm'n v. Equitybuild, Inc.*, No. 18-5587, 2022 WL 2257121, at *4 (N.D. Ill. June 22, 2022); *Britton v. Marcus, Errico, Emmer & Brooks, P.C.*, No. 18-11288, 2020 WL 7024545, at *4 (D. Mass. Nov. 30, 2020).

in September 2008, *id.* at 600—the Federal Foreclosure Bar expressly bars the involuntary

extinguishment of Freddie Mac's property interests via foreclosure.

The first District statute is D.C. Code § 42-1903.13(a)(2) (the D.C. Condominium Act),

which grants certain condominium liens super-priority status, allowing the holder of such a lien to

foreclose on a property and extinguish all other outstanding liens in the process. *Chase Plaza*

*Condo. Ass'n, Inc. v. JPMorgan Chase Bank, N.A.*, 98 A.3d 166, 173 (D.C. 2014). Plaintiffs do

not dispute that, in the absence of the Federal Foreclosure Bar, the D.C. Condominium Act would

require the extinguishment of Freddie Mac's lien. Rather, Plaintiffs argue that the D.C.

Condominium Act is preempted by the Federal Foreclosure Bar and thus cannot apply to this case.

The second District statute is D.C. Code § 42-401 (the D.C. Recording Statute), which

allows a bona fide purchaser to take a property free and clear of a preexisting encumbrance if that

encumbrance is unrecorded and the buyer lacks notice. *See Clay Props., Inc. v. Washington Post*

*Co.*, 604 A.2d 890, 894 (D.C. 1992) (en banc) (unrecorded lease ineffective against a bona fide

purchaser who acquired the property in a foreclosure sale). Defendants urge the Court to interpret

D.C. Code § 42-401 to require not only that a deed of trust be recorded prior to the sale, but that

(at least in this situation) the deed be recorded under the name of its owner.

The Court agrees with Plaintiffs that the D.C. Condominium Act is preempted, and rejects

Defendants' argument that the D.C. Recording Statute rendered Freddie Mac's lien ineffective.

**A.  The D.C. Condominium Act is preempted by the Federal Foreclosure Bar.**

Plaintiffs argue that, under these circumstances, the Federal Foreclosure Bar preempts the

D.C. Condominium Act. Defendants do not appear to contest that assertion. *See generally* ECF 13.

In any event, the Court agrees with Plaintiffs. The text of 12 U.S.C. § 4617(j)(3) states clearly that

"[n]o property of [an FHFA conservatorship] shall be subject to . . . foreclosure . . . without the

consent of the Agency." It is impossible to reconcile that command with a state law that authorizes

the foreclosure of FHFA property without its consent. Thus, it is "clear and manifest," from the text of the provision alone, that Congress intended 12 U.S.C. § 4617(j)(3) to displace any state law with that effect. *Arizona*, 567 U.S. at 400.

That conclusion is bolstered by consideration of the "purposes and objectives" of the legislation as a whole. *Id.* at 399. HERA was enacted in the wake of the 2008 mortgage crisis, when both Fannie Mae and Freddie Mac were teetering on the edge of default. *Perry Cap.*, 864 F.3d at 599. Concerned that such a default could threaten the entire national economy, Congress chose to "authorize[] . . . extraordinary economic measures to resuscitate" the entities, including granting the FHFA the authority to appoint itself as their conservator. *Id.* at 599–600. Congress was explicit that a primary reason it granted the FHFA the power it did was so it could "preserve and conserve the assets and property" of the entities. *Id.* at 600 (citing 12 U.S.C. § 4617(b)(2)(B)(iv)). Because the D.C. Condominium Act would accomplish precisely the opposite, it is a clear "obstacle to the accomplishment and execution of the full purposes and objectives of Congress," and therefore preempted.[5] *Arizona*, 567 U.S. at 399. Accordingly, the Court concludes that the D.C. Condominium Act did not extinguish Freddie Mac's lien.

**B.  The D.C. Recording Statute does not render Freddie Mac's loan ineffective.**

Defendants do not contest that Plaintiffs' deed was properly recorded, or that Little had notice of M&T's interest in the property. Rather, Defendants contend that because, under the Federal Foreclosure Bar, an interest owned by Freddie Mac would survive the RCOA sale, whereas an interest owned by a private bank would not, the material information in this case was not the existence of the deed itself, but the identity of its owner. Therefore, in Defendants' view, the D.C.

---

[5] The Court observes that the Ninth Circuit, which has faced repeated litigation involving the relationship between the Federal Foreclosure Bar and an analogous Nevada statute, has also found the state law preempted. *See, e.g.*, *Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017).

Recording Statute required Little to be on notice not just of the deed of trust, but that Freddie Mac, not M&T, was its owner. In other words, because Freddie Mac failed to record its interest *under its own name*, its lien is ineffective as to Little, who therefore owns the property free and clear even if Freddie Mac's lien was senior to the RCOA's at the time of the first foreclosure.

The Court disagrees for two reasons. First, the District's law does not require the owner of a loan to serve as record beneficiary on the deed of trust. *See Bartel v. Bank of Am. Corp.*, 193 A.3d 767, 771 (D.C. 2018) (stating that the District's law draws "a distinction between the right to enforce an instrument and the ownership of an instrument"); *see also Diaby v. Bierman*, 795 F. Supp. 2d 108, 113 (D.D.C. 2011) ("[W]hether or not defendants are holders of the note is not dispositive as to whether they have standing to foreclose on the property."). The D.C. Recording Statute, D.C. Code § 42-401, requires only that the purchaser have "notice of [the] deed"; it says nothing about the identity of its owner. And Defendants point to no District law or precedent that even suggests that a loan owner's rights are in any way diminished by contracting with another party to serve as the beneficiary-of-record.

Second, the Court agrees with Plaintiffs that the deed that was recorded here, ECF 12-5, was sufficient to put Little on notice of Freddie Mac's potential interest. The document is conspicuously labeled, on the very first page, as a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT." *Id.* at 2. And Freddie Mac—even in conservatorship—remains a massive player in the world of residential mortgages. *Perry Cap.*, 864 F.3d at 602 (between 2012 and 2015, "Fannie and Freddie . . . collectively purchased at least 11 million mortgages on single-family owner-occupied properties"). Based on that information alone, Little reasonably should have inquired whether Freddie Mac owned the deed of trust. *See Clay Props.*, 604 A.2d at 895 ("A purchaser is held to be on inquiry notice where he or she is aware of circumstances which generate

enough uncertainty about the state of title that a person of ordinary prudence would inquire further about those circumstances."). Therefore, the Court finds that the D.C. Recording Statute did not render Freddie Mac's lien ineffective as to Little.[6]

## IV. CONCLUSION

The Court GRANTS Plaintiffs' Motion for Partial Summary Judgment and issues a declaratory judgment that Freddie Mac's deed of trust against the property located at 512 Ridge Road SE #206 remains in effect.

**SO ORDERED.**

DATE: October 12, 2022

Jia M. Cobb
U.S. District Court Judge

---

[6] Plaintiffs also argue that, even if we were to construe D.C. Code § 42-401 as Defendants argue, the resulting statute would be preempted by the Federal Foreclosure Bar. *See supra* Part III.A. That argument tees up a more difficult question about the relationship between the Federal Foreclosure Bar and the general requirement that a lien against real property be recorded to have effect. The Court need not address the issue here because it finds that the D.C. Recording Statute, taken on its own terms, does not render Freddie Mac's lien ineffective.